IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT BETTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-cv-0092-MJR |
| | ) | |
| EAST ST. LOUIS HOUSING | ) | |
| AUTHORITY and WILLIAM WILKINS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Before the Court is Defendant William Wilkins' motion to strike Plaintiff's prayer

for punitive damages in Count II of his complaint (Doc. 9).  Plaintiff has filed an objection to this

motion (Doc. 12).  This matter being fully briefed, the Court now **DENIES** Defendant's motion

(Doc. 9) for the reasons stated below.

**I.      Factual History**

This civil rights case involves a two-count, two-defendant complaint premised upon

**42 U.S.C. § 1983** (*see* Doc. 7-2).  Count One of Plaintiff's complaint alleges the East St. Louis

Housing Authority ("ESLHA") deprived Plaintiff of certain constitutional rights by demoting and

constructively discharging him from two separate employment positions.  Count Two is a claim

against the Executive Director of ESLHA, William Wilkins, in his individual capacity, for the same

actions.  As part of his prayer for relief in Count II, Plaintiff requests that this Court enter judgment

for punitive and exemplary damages against Wilkins.

In the present motion, Defendant contends this Court should strike Plaintiff's prayer

for relief seeking punitive damages in Count II on the basis that Wilkins is not liable to pay punitive

or exemplary damages pursuant to **745 ILCS 10/2-102** and/or **735 ILCS 5/2-604.1** (*see* Doc. 9).

II.	Analysis

	Motions to Strike in federal courts are governed by **FEDERAL  RULE OF CIVIL**

**PROCEDURE 12(f)**, which provides:

> **(f) Motion to Strike.** Upon motion made by a party before
> responding to a pleading or, if no responsive pleading is permitted by
> these rules, upon motion made by a party within 20 days after the
> service of the pleading upon the party or upon the court's own
> initiative at any time, the court may order stricken from any pleading
> any insufficient defense or any redundant, immaterial, impertinent,
> or scandalous matter.

**FED. R. CIV. P. 12(f).**

	The present motion is untimely.  A Rule 12(f) motion must be made *"before* responding

to a pleading." ***Id.* (emphasis added).**  Defendant filed the present motion on the same day as he filed

his answer to the complaint (*see* Doc. 8), on February 2, 2007.  At best, the present motion was filed

contemporaneously with Defendant's answer.  At worst – if this Court relies upon the electronic

transfer receipt for each document – the present motion (filed at 4:11 p.m.) was filed two minutes *after*

Defendant's answer (filed at 4:09 p.m.).

	Nevertheless, Rule 12(f) further provides that a district court may order matters stricken

"upon the court's own initiative at any time" ***Id.***  According to the United States Court of Appeals for

the Seventh Circuit, this portion of the rule allows a district court to review a motion to strike at any

point in the proceedings, reasoning that the court would be "considering the issue of its own accord

despite the fact that its attention was prompted by an untimely motion." ***Williams v. Jader Fuel Co.,***

**944 F.2d 1388, 1399 (7ᵗʰ Cir. 1991).** Accordingly, the Court will consider the merits of Defendant's

motion.

Allegations may be stricken pursuant to Rule 12(f) "if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." ***Talbot v. Robert Mathews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).** As a general rule, motions to strike are disfavored, in part because they tend to delay judicial proceedings. ***Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). *See also Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991)("Motions to strike 'are not favored....'"),** *cert. denied,* **504 U.S. 957 (1992).** "The decision whether to strike material ... is within the discretion of the district court." ***Talbot,* 961 F.2d at 665.**

As mentioned, Defendant's argument relies entirely on Illinois law: the Illinois Tort Immunity Act, **745 ILCS 10/2-102,** and an Illinois State procedural requirement, **735 ILCS 5/2-604.1.** Those Illinois laws do not apply to this federal action.

Under the Supremacy Clause of the U.S. Constitution, a state-statute-based immunity claim cannot protect defendants from a cause of action based, as in this case, on a federal statute. ***McLaughlin v. Tilendis,* 398 F.2d 287, 290 (7th Cir. 1968).** Speaking specifically to **§ 1983** actions, the United States Supreme Court has explained that "[t]he elements of, *and the defenses to*, a federal cause of action are defined by *federal* law." ***Howlett v. Rose,* 496 U.S. 356, 375-76 (1990)(emphasis added).** While judicial officers and legislators enjoy absolute immunity from suits brought under **§ 1983**, *see* ***Pierson v. Ray,* 386 U.S. 547, 554-55 (1967),** Defendant Wilkins, acting as Executive Director of the East St. Louis Housing Authority, does not.

In addition, Plaintiff is correct in noting that the Supreme Court has both: (1) affirmed

the availability of punitive damages in **§ 1983** actions when the defendant's conduct is shown to involve "reckless or callous indifference to the federally protected rights of [the plaintiff,]" ***Smith v. Wade,* 461 U.S. 30, 56 (1983);** and (2) approved of the imposition of punitive damages against public officials in their *individual* capacity. ***City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 269-70 (1981).** As Plaintiff has sufficiently plead the issue of punitive damages and Wilkins is being sued in his individual capacity, Defendant's reliance on the Illinois Tort Immunity Act is entirely misplaced.

Defendant further argues that Plaintiff is barred from pursuing punitive damages by **735 ILCS 5/2-604.1.** Defendant again is incorrect. **735 ILCS 5/2-604.1** is a state *procedural* requirement and therefore does not govern federal courts deciding state law claims. ***See Probasco v. Ford Motor Co.,* 182 F.Supp. 2d 701, 704 (C.D. Ill. 2002); *Randle v. Chicago,* 2000 WL 1536070 at *5 (N.D. Ill. 2000); *Serfecz v. Jewel Food Stores, Inc.,* 1997 WL 543116 at *6-8 (N.D. Ill. 1997).**

For the foregoing reasons, the Court **FINDS** that Plaintiff is not barred from seeking punitive damages in Count II and Plaintiff's complaint does not otherwise contain "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the meaning of Rule 12(f). Accordingly, the Court **DENIES** Defendant's motion to strike  (Doc. 9).

**IT IS SO ORDERED.**

**DATED this 19th day of July, 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**